## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **FOR THE USE AND BENEFIT OF** | § | |
| **DIXIE COMMUNICATIONS** | § | |
| **SYSTEMS, INC.; AND DIXIE** | § | |
| **COMMUNICATIONS SYSTEMS, INC.,** | § | |
| **A GEORGIA CORPORATION** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CAUSE NO.:** |
| | § | **1:18-cv-00210-JRH-BKE** |
| | § | |
| **TRAVELERS CASUALTY AND** | § | |
| **SURETY COMPANY OF AMERICA,** | § | |
| **A CONNECTICUT CORPORATION;** | § | |
| **ICON CONSTRUCTION, INC.,** | § | |
| **A TEXAS CORPORATION; AND** | § | |
| **J&J MAINTENANCE, INC.,** | § | |
| **A TEXAS CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT TRAVELERS CASUALTY AND
## SURETY COMPANY OF AMERICA'S
## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

Defendant, Travelers Casualty and Surety Company of America ("Travelers", or the "Surety"), in response to the Complaint for Breach of Contract and Recovery Under the Miller Act Payment Bond (the "Complaint") of Plaintiff The United States of America, for the Use and Benefit of Dixie Communications Systems, Inc., and Dixie Communications Systems, Inc., a Georgia Corporation

("Dixie" or the "Plaintiff"), move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

## I.   SUMMARY

1.      Plaintiff's Complaint as to Travelers should be dismissed as Plaintiff admittedly did not meet the requirements of 40 U.S.C. § 3131, *et seq.* (hereinafter referred to as the "Miller Act") to give raise to a claim under the Miller Act.

2.      Specifically, Plaintiff has admitted it did not give the notice required by 40 U.S.C. § 3133(b)(2).

## II.   FACTS

3.      Prior to December 2017, United States Army Corps of Engineers awarded a contract to J&J Maintenance, Inc. ("J&J") for construction work on a project known as the Dwight D. Eisenhower Army Medical Center's Fisher Army Dental Laboratory ("Project"). *See* Plaintiff's Original Complaint ¶¶ 9-11.

4.      J&J obtained a Payment Bond from Travelers in compliance with the Miller Act for the Project. *See* Plaintiff's Original Complaint ¶ 11.

5.      J&J subsequently subcontracted a portion of the work on the Project to ICON Construction, Inc. ("ICON"). *See* Plaintiff's Original Complaint ¶1 2.

6.      ICON, in turn, subcontracted a portion of its work to Plaintiff, whereby Plaintiff agreed to do the work and ICON agreed to pay Plaintiff for that work. *See* Plaintiff's Original Complaint ¶¶ 13-15.

7.     Plaintiff completed its work on December 6, 2017. *See* Plaintiff's Original Complaint ¶ 17.

8.     ICON allegedly did not pay Plaintiff for the work performed. *See* Plaintiff's Original Complaint ¶ 18.

9.     Plaintiff first provided notice of this nonpayment to J&J on March 28, 2018. *See* Plaintiff's Original Complaint ¶ 21.

10.    Plaintiff has brought suit against Travelers and others seeking joint and several liability under the following counts:

> A. Breach of Contract;
> B. Quantum Meruit;
> C. Miller Act Payment Bond;
> D. Bad Faith Failure to Settle; and

Plaintiff seeks an award of attorney fees. *See generally* Plaintiff's Original Complaint.

11.    Co-Defendant, J&J, has filed a similar Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) with this Court on January 4, 2019. *See* Defendant J&J Maintenance, Inc., A Texas Corporation's Motion To Dismiss Under Fed. Civ. P. 12(B)(6) And Memorandum In Support Thereof.

## III.    ARGUMENTS AND AUTHORITIES

12.    A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate

when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002).

13.    In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008); *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *Ramming*, 281 F.3d at 161; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

14.    Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).

*a.    The Miller Act Claim.*

15.    The Project at issue required a payment bond in accordance with the Miller Act. *See* 40 U.S.C. § 3131.  Such Bond was provided by Travelers. *See* Plaintiff's Original Complaint ¶ 11.

16.    The Miller Act sets forth the requirements for making a valid claim on payment bond issued in accordance with the Miller Act. *See* 40 U.S.C. § 3133(b)(2).

17.    Specifically, the Miller Act states as follows:

> **(2) Person Having Direct Contractual Relationship with a Subcontractor.**   A person having a direct contractual relationship with a subcontractor *but no contractual relationship, express or implied, with the contractor furnishing the payment bond* may bring a civil action on the payment bond *on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor* or furnished or supplied the last of the material for which the claim is made.

40 U.S.C. § 3133(b)(2) (emphasis added); *see also*, *Maccaferri Gabions, Inc. v. Dynateria, Inc.,* 91 F.3d 1431, 1437 (11th Cir. 1996) ("Under the Miller Act, materialmen on government construction projects who have no direct contractual relation with the general contractor must, in order to establish a right of action against the general contractor's payment bond, give the general contractor sufficient written notice of their claims within ninety days of the last day on which they supplied material for the project.").

18.    Plaintiff's Complaint demonstrates Plaintiff's failure to comply with this notice requirement. *See* Plaintiff's Original Complaint ¶¶ 17 & 21.

19.    Plaintiff admits it completed its work on December 6, 2017, and subsequently sent its notice to J&J 112 days later, on March 28, 2018. *See*

Plaintiff's Original Complaint ¶¶ 17 & 21.

20.     Because of the late notice, Travelers denied Plaintiff's bond claim on October 26, 2018.  *See* Correspondence dated October 26, 2018, from Travelers to Plaintiff, attached hereto and incorporated herein by reference for all purposes as **Exhibit "A."**

21.     Plaintiff attempts to justify its late notice on account of it not knowing the identity of the bonding company. *See* Plaintiff's Original Complaint ¶ 21. However, this argument fails for two reasons: (1) the Miller Act provides an avenue for obtaining that information through 40 U.S.C. § 3133(a); and (2) the notice requirement of 40 U.S.C. § 3133(b)(2) only requires notice to the contractor, not the surety.  Plaintiff's claim that it had no way of knowing the identity of the bonding company is simply a legally irrelevant excuse in an attempt to justify its late notice.

**b.      *The Breach of Contract Claim.***

22.     Plaintiff contends that it is entitled to recovering for breach of contract in relation to its subcontract with ICON. *See* Plaintiff's Original Complaint ¶¶ 25-28.

23.     Plaintiff has not contracted with Travelers; it only contract with ICON, who contracted with J&J, Traveler's principal. *See* Plaintiff's Original Complaint ¶¶ 13-15

---

24.     Because Plaintiff did not have a contract with Travelers, this claim cannot stand against Travelers.

### c.     The Quantum Meruit Claim.

25.     Plaintiff contends that it is entitled to quantum meruit for providing labor and materials necessary on the Project to ICON. *See* Plaintiff's Original Complaint ¶ 30.

26.     Plaintiff has not contracted with Travelers.

27.     Under Georgia law, as applicable here, a subcontractor may not recover against a party whom it has no contractual relationship based on the theory of quantum meruit. *See J Kinson Cook, Inc. v. Weaver,* 556 S.E.2d 831, 833-34 (2001) ("'Under Georgia law, a materialman or subcontractor may not recover against an owner or general contractor with whom it has no contractual relationship, based on the theory of unjust enrichment or implied contract; rather, it is limited to the statutory remedies provided by Georgia's lien statute.' (Citations and punctuation omitted.) *Hussey, Gay & Bell v. Ga. Ports Auth.,* 204 Ga. App. 504, 506(2), 420 S.E.2d 50 (1992). In *Hussey,* this court applied to a public works contract the longstanding rule applicable to private contracts and the Georgia mechanic's lien statute. Id.; *see P.P.G. Indus. v. Hayes Constr. Co.,* 162 Ga. App. 151-152(1), 290 S.E.2d 347 (1982). *See also Callahan v. Hall,* 302 Ga. App. 886, 887, 691 S.E.2d 918, 920 (2010)").

*d.*     **The Bad Faith Failure to Settle Claim.**

28.     Plaintiff claims that Travelers acted in bad faith when denying its Miller Act claim. See Plaintiff's Original Complaint ¶¶ 42-46.

29.     For the reasons set forth above in Section III.a, Plaintiff's claim was properly denied due to the failure to comply with the requirements of the Miller Act.

30.     Further, Plaintiff only claims it was a "bad faith" refusal to pay simply because the claim was denied on the above grounds.

31.     Plaintiff has stated no ground to which Travelers could be considered to have acted in bad faith.  In addition, Plaintiff may not recover a bad faith penalty or attorneys' fees in a suit brought under the Miller Act. *See United States v. All Am. Bldg. Sys., Inc.*, 857 F. Supp. 69, 70 (N.D. Ga. 1994) (citing *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 94 S. Ct. 2157, 40 L.Ed.2d 703 (1974) and *United States v. Minority Electric Co.*, 537 F. Supp. 1018 (S.D. Ga. 1982)).

*e.*     **The Attorney's Fees Claim.**

32.     Plaintiff has claimed that it is entitled to attorney's fees under the Miller Act. See Plaintiff's Original Complaint ¶ 39.

33.     The Miller Act does not provide for recovery of attorney fees. F. D. Rich Co., Inc. v. U. S. for Use *of Indus. Lumber Co., Inc.,* 417 U.S. 116 (1974) ("Nor does the Miller Act explicitly provide for an award of attorneys' fees to a

successful plaintiff.... The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law. Neither respondent nor the court below offers any evidence of congressional intent to incorporate state law to govern such an important element of Miller Act litigation as liability for attorneys' fees ... The judgment of the Court of Appeals is ... reversed insofar as it holds that an award of attorneys' fees to respondent Industrial is required by the Act.")

34.     Accordingly, Plaintiff has no grounds for recovery of attorney's fees from Travelers.

## IV.   <u>CONCLUSION</u>

35.     For all the reasons stated above, Travelers is entitled to a dismissal with prejudice from each and every claim asserted by Plaintiff against Travelers in its complaint as Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Travelers Casualty and Surety Company of America's Motion to Dismiss should be granted and Plaintiff's claims against Travelers Casualty and Surety Company of America should be dismissed.

*[Signature on following page]*

Respectfully submitted this 17th day of January, 2019.

                      **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

                      By: */s/ M. Michael Egan*
                          M. Michael Egan
                          Georgia Bar No. 242050

                      **ATTORNEY FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
404-688-2600 - Office
404-525-4347 – Facsimile
Email:  Egan@owengleaton.com

# EXHIBIT A



1500 Market Street
Suite 2900 West Tower
Philadelphia, PA 19102

Christine T. Alexander, Esq.
Managing Director & Counsel
Bond & Specialty Insurance Claim
Phone: (267) 675-3087
Fax: (888) 201-5476
Email: CTALEXAN@travelers.com

October 26, 2018

Michael Howard, Esq. **via email only michaelhowardlaw@ymail.com**
McMillan, Rawlings & Howard, LLP
P.O. Box 5746
120 North Harris Street
Sandersville, GA 31082

| | |
|---|---|
| Re: | Travelers Casualty and Surety Company of America |
| Our File No.: | 092-SC-T1806296-NR |
| Bond No.: | 082-SB-106162101 |
| Principal: | J & J Maintenance, Inc. |
| Obligee: | Endist Mobile Contracting Division |
| Claimant: | Dixie Communication System, Inc. |
| Project: | W91278-14-D-0029-0012 Repair Fisher Army Dental Laboratory - Dwight D. Eisenhower Army Medical Center, Fort Gordon, GA |

Dear Mr. Howard:

Travelers has concluded its independent investigation of your client Dixie Communication System, Inc.'s ("Dixie") claim, reviewing information and documents provided by both Dixie and J & J Maintenance, Inc. ("J&J") and responds to the claim as follows.

Dixie states that it entered into a sub-subcontract with Icon Construction to provide and install the fire alarm and mass notification system at the Project. Dixie began work on November 13, 2017. Dixie's date of last work was December 6, 2017.[i] Dixie's work was accepted  between December 14 and 20, 2017. Dixie's contract with Icon was for $58,258.00. Dixie states the contract was adjusted by an additive change order for $7,899.50; however, the change order provided to support the claim is not executed by Icon, only by Dixie. Dixie states it received no payments for its work. On March 28, 2018, Dixie sent a letter to Icon demanding payment under the sub-subcontract. J&J is copied on the letter. No amount due is stated. On the same date, Dixie wrote to J&J, enclsoing a copy of the letter to Icon and advising J&J that Icon had not paid Dixie. Dixie asked J&J for the contracting officer's contact information. Dixie's letter to J&J did not make a demand for payment and did not state an amount due.

The Bond issued by Travelers for the Project is governed by the Federal Miller Act. The Miller Act states that a person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. 40 U.S.C.A. § 3133(b)(2) .  The Miller Act imposes a limit for filing suit no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action. *Id.* § 3133(b)(4).   The action must state with substantial accuracy the amount

************************  Our toll-free number is 800-842-8496  ************************
If possible, please send future communications and documents concerning this claim via email to CTALEXAN@travelers.com Please
include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Rev 02/10/18

C-51

Travelers

October 26, 2018
Page 2

claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.  Even though the substantial accuracy term appears to define the requirements of an "action" under the Miller Act, as opposed to notice, courts do not appear to make a distinction.  In *U. S. for Use & Benefit of Jinks Lumber Co. v. Fed. Ins. Co.*, 452 F.2d 485, 488 (5th Cir. 1971), the Fifth Circuit, after noting the Miller Act's remedial purposes, stated "[i]t is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of amount due, and that the claim specify the subcontractor allegedly in arrears."

As stated in Dixie's proof of claim, its date of last work was December 6, 2017.  The deadline for its Miller Act notice to J&J was March 6, 2018.  Dixie first wrote to J&J on March 28, 2018, which is outside the 90 day notice period.  Further, the letter to J&J does not state a claim directly against J&J and does not state an amount due.  For these reasons, Dixie's claim against the Bond is barred and the claim is denied.

Our decision is based upon the information made available to date. If you have any additional information which you believe may affect our determination, we ask that you please send this o us. Travelers reserves all available rights, including as to suit limitations periods, both for itself and its Principal J&J, at law, in equity, and under the terms and conditions of the bond and contract documents.

Very truly yours,

Christine T. Alexander

cc:     J & J Maintenance, Inc.
        Ryan Dry, Esq. (via email only)

---

[1] The Dixie proof of claim form indicates the date of last work was December 6, 2018, however, Dixie clarified by email exchange with Travelers that this was a typographical error.  The date of last work was December 6, 2017.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Our toll-free number is 800-842-8496 \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
If possible, please send future communications and documents concerning this claim via email to CTALEXAN@travelers.com Please include the claim number in the subject line. (Please note that in certain cases we may still request original documents).

Rev 02/10/18                                                                                          C-51

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of ***Defendant Travelers Casualty and Surety Company of America's Motion to Dismiss and Memorandum In Support Thereof*** has been served upon all parties to this matter through the Court's CM/ECF filing addressed as follows:

This 17th day of January, 2019.

<table>
<tr>
<td>
Edward Tarver<br>
ENOCH TARVER, PC<br>
3540 Wheeler Rd., Suite 312<br>
Augusta, GA 30909
</td>
<td>
Joseph Huff<br>
KILPATRICK TOWNSEND &<br>
STOCKTON LLP<br>
Enterprise Mill<br>
1450 Greene Street, 2230<br>
Augusta, GA 30901
</td>
</tr>
</table>

**OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

By: */s/ M. Michael Egan*
M. Michael Egan
Georgia Bar No. 242050

**ATTORNEY FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

1180 Peachtree Street, N.E.
Suite 3000
Atlanta, Georgia 30309
404-688-2600 - Office
404-525-4347 – Facsimile
Email:  Egan@owengleaton.com