FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 27 AM 11:50
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DIXIE COMMUNICATIONS SYSTEMS, INC., and DIXIE COMMUNICATIONS SYSTEMS, INC., a Georgia Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; ICON CONSTRUCTION, INC., a Texas Corporation; and J&J MAINTENANCE, INC., a Texas Corporation, <br><br> Defendants. | CV 118-210 |

**ORDER**

Before the Court is Defendant Travelers Casualty and Surety Company of America's ("Defendant Travelers") motion for entry of final judgment (Doc. 43) pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, Defendant Travelers's motion for entry of final judgment is **DENIED**.

**I. BACKGROUND**

The alleged circumstances giving rise to this action are set forth in the Court's Order dated September 23, 2019 ("Sept. 23, 2019 Order"), deciding Defendant Travelers's and Defendant J&J

Maintenance Company's ("Defendant J&J") respective motions to dismiss. (Sept. 23, 2019 Order, Doc. 38.) Plaintiffs' complaint asserted claims for breach of contract and for quantum meruit against Defendant J&J and claims for violating the Miller Act and for bad faith failure to settle against Defendant Travelers.[1] (Id. at 13-21.) The Court granted in part and denied in part Defendant J&J's motion to dismiss and granted Defendant Travelers's motion to dismiss in its entirety. (Id. at 21.) Following the Sept. 23, 2019 Order, Defendant Travelers filed the present motion seeking an entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). No party opposes the motion.

## II. LEGAL STANDARD

Generally, a final judgment in an action adjudicates the rights and liabilities of all parties and all claims. Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Federal Rule of Civil Procedure 54(b), however, provides an exception to the general rule:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] Plaintiffs also named Defendant ICON Construction, Inc. ("Defendant ICON") as a defendant to this action. (Compl., Doc. 1, ¶ 5.) For the reasons set forth in the Sept. 23, 2019 Order, however, the Court need not discuss Defendant ICON in the present Order. (Sept. 23, 2019 Order, at 2-3.)

2

Although the decision to enter judgment pursuant to Rule 54(b) is within the district court's discretion, the Supreme Court and the Eleventh Circuit counsel district courts to exercise discretion under Rule 54(b) "conservatively"; limiting the rule's application to "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Ebrahimi, 114 F.3d at 166 (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)); see also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980).

In deciding whether to enter a final partial judgment under Rule 54(b), district courts employ a two-step analysis. First, the court must decide whether its judgment is, in fact, both "final" and a "judgment." Curtiss-Wright Corp., 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

Second, the district court must determine that "there is no 'just reason for delay' in certifying [the judgment] as final and immediately appealable." Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007) (quoting Curtiss-

Wright Corp., 446 U.S. at 8). Here, the district court balances "judicial administrative interests and relative equitable concerns." Ebrahimi, 114 F.3d at 165-66. Consideration of judicial administrative interests is necessary to "preserve[] the historic federal policy against piecemeal appeals." Id. at 166 (quoting Sears, 351 U.S. at 438). In a similar way, analyzing the relevant equities ensures Rule 54(b) certification is limited to situations where immediate appeal is necessary to "alleviate some danger of hardship or injustice associated with delay." Id.

The Supreme Court has declined to "fix or sanction narrow guidelines for the district courts to follow" under the second prong. Curtiss-Wright Corp., 446 U.S. at 10-11. Nevertheless, courts analyzing judicial administrative interests should consider facts including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8 (footnote omitted). Further, with respect to the equities involved, district courts enjoy a greater degree of deference because the district "court is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" See id. at 10 (quoting Sears, 351 U.S. at 437).

## III. DISCUSSION

Beginning with the first prong, there is little doubt that the Sept. 23, 2019 Order constituted a final judgment as to Defendant Travelers. The second prong, however, requires the Court's full attention.

First, in balancing the factors under Rule 54(b), a district court generally evaluates whether the movant will suffer prejudice if not granted a final, appealable judgment. See Ebrahimi, 114 F.3d at 167; see also In re Se. Banking Corp., 69 F.3d 1539, 1547 n.2 (11th Cir. 1995) ("Certification should not . . . be routinely granted . . . . It should be granted only if there exists some danger of hardship or injustice through delay, that would be alleviated by immediate appeal."). It is unlikely, however, that Defendant Travelers is seeking to appeal the dismissal of all claims against it. Defendant Travelers argues that in the event of an appeal, the circumstances are such that the appellate court need not duplicate its efforts. To grant Defendant Travelers's motion, though, is to force Plaintiff, if it desires, to appeal the dismissal immediately. To the extent Plaintiffs did pursue an appeal, the Court would not be able to balance Plaintiffs' interests versus the judicial interest against piecemeal appeals. Because the movant has no strong incentive in favor of an immediate appeal, this consideration weighs against granting Defendant Travelers's motion.

5

Second, the Court evaluates the judicial administrative interests involved. Defendant Travelers correctly states that the claim remaining against Defendant J&J was not asserted against it. Therefore, it is true that, should Plaintiffs appeal the dismissal of claims against Defendant Travelers, those claims on appeal would differ from the claims against Defendant J&J in the event of a later appeal. See Dunham v. Zanders, No. CV 318-018, 2019 WL 2387378, at *2, *3 (S.D. Ga. June 4, 2019) (granting Rule 54(b) motion, in part, because claims against movant were separable from the remaining claims).

Whether the claims are separable, however, is not the only consideration. Courts in this Circuit also evaluate whether duplicate appeals will require familiarity with the same factual foundation. See Ebrahimi, 114 F.3d at 167 ("When the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)."); James v. Terex USA, LLC, No. 5:16-cv-60, 2019 WL 1928504, at *3 (S.D. Ga. Apr. 30, 2019). Cf. Dunham, 2019 WL 2387378, at *2 (finding movant was not present for the underlying events of the remaining claims).

Here, the action arises out of the same underlying facts. Defendant J&J, the remaining defendant with an active claim against it, was the general contractor for the Fisher Army Dental Laboratory project. (Compl., Doc. 1, ¶¶ 10-11.) Defendant

6

Travelers provided the surety bond on the project. (Id. ¶ 11.) Plaintiff Dixie Communications Systems, Inc. ("Plaintiff Dixie") was a subcontractor on the same project. (Id. ¶ 14.) Plaintiff Dixie sought payment on the project from both Defendant J&J and Defendant Travelers. (Id. ¶¶ 19-23.) Consequently, despite separable claims, the underlying facts of the asserted claims against Defendant J&J and Defendant Travelers are intertwined. The Court finds the judicial administrative interest factor to be a wash.

Finally, the Court balances the relative equitable concerns. Defendant Travelers offers little in terms of the equities at issue. "[A]nalyzing the relevant equities ensures Rule 54(b) certification is limited to situations where immediate appeal is necessary to alleviate some danger of hardship or injustice associated with delay." Griggs v. Holt, No. CV 117-089, 2019 WL 1903402, at *2 (S.D. Ga. Apr. 29, 2019) (citing Ebrahimi, 114 F.3d at 166). Defendant Travelers asserts, in conclusory terms, that it "should not be made to stay in litigation when its entire liability has already been fully litigated in its favor." (Br. Supp. Mot. for Entry of Final J., Doc. 43-1, at 5.) Defendant Travelers, however, offers no explanation as to how awaiting entry of a final judgment creates some danger of hardship or injustice. Furthermore, for the reasons stated, no party has indicated a need for immediate appeal. Without more, Defendant Travelers's "desire

7

for finality is not a compelling circumstance sufficient" to warrant an entry of judgment at this time. <u>Kipperman for Magnatrax Litig. Tr. v. Onex Corp.</u>, No. 1:05-CV-1242-JOF, 2008 WL 11334162, at *1 (N.D. Ga. Mar. 24, 2008). Balancing the required considerations, the Court refrains from entering judgment pursuant to Rule 54(b).

### IV. CONCLUSION

For the foregoing reasons, Defendant Travelers's motion for entry of judgment (Doc. 43) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA