FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAY 11 PM 2:48
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DIXIE COMMUNICATIONS SYSTEMS, INC., and DIXIE COMMUNICATIONS SYSTEMS, INC., a Georgia Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation; ICON CONSTRUCTION, INC., a Texas Corporation; and J&J MAINTENANCE, INC., a Texas Corporation, <br><br> Defendants. | CV 118-210 |

## O R D E R

Before the Court is Defendant J&J Maintenance, Inc.'s ("J&J") motion for reconsideration or, in the alternative, for judgment on the pleadings. (Mot. for Recons., Doc. 42.) For the following reasons, Defendant J&J's motion is **DENIED**.

### I. BACKGROUND

The majority of the relevant facts to this point are set forth in the Court's September 23, 2019 Order. (Sept. 23, 2019 Order, Doc. 38, at 1-3.) In that Order, the Court granted in part and denied in part Defendant J&J's motion to dismiss for failure to

state a claim. (Id. at 21.) Following the Court's ruling, Defendant J&J filed the present motion as to the Court's refusal to dismiss Plaintiff's *quantum meruit* claim. (See generally Mot. for Recons.)

## II. MOTION FOR RECONSIDERATION

The Court first addresses Defendant J&J's motion for reconsideration.

### A. Legal Standard

"In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Collins v. Int'l Longshoremen's Ass'n Local 1423, No. CV 209-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013) (citation omitted). Under Federal Rule of Civil Procedure 54(b), district courts have the discretion to reconsider interlocutory orders at any time before final judgment. Watkins v. Capital City Bank, No. CV 310-087, 2012 WL 4372289, at *4 (S.D. Ga. Sept. 24, 2012); Lambert v. Briggs & Stratton Corp., No. Civ.A. CV604-016, 2006 WL 156875, at *1 (S.D. Ga. Jan. 19, 2006).

Although the text of Rule 54(b) does not specify a standard by which courts evaluate motions, courts in this Circuit "have taken the position that a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct

2

clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735-CIV, 2008 WL 5691349, at *2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010). Because reconsideration is an extraordinary remedy to be employed sparingly, the movant must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969-Orl-19KRS, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011); see also Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016). "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented" before the original decision. S.E.C. v. Mannion, No. 1:10-cv-3374-WSD, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013); accord Armbuster, 2016 WL 1441467, at *1 ("[I]t is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly.") (citation and internal quotation marks omitted).

B. Discussion

Defendant J&J presents neither an intervening change in controlling law nor newly discovered evidence; accordingly, Plaintiff seeks to correct clear error or manifest injustice. The

Court discerns two asserted ways it committed clear error: (1) failing to recognize that unjust enrichment is improper as a matter of law absent a contractual link between a subcontractor and a primary contractor and (2) declining to read "the Miller Act" into the Georgia Court of Appeals holding in Hussey, Gay & Bell v. Ga. Ports Auth., 420 S.E.2d 50, 53 (Ga. Ct. App. 1992). (Mot. for Recons., at 4-7.)

1. The Court's Prior Consideration of Arguments

First, reconsideration is improper because despite Defendant J&J's interpretation that the September 23, 2019 Order was "an invitation to submit substantive briefing on the newly raised issue and to ask the Court to reconsider its decision on the same" (Mot. for Recons., at 3), the Court considered Defendant J&J's arguments in denying its motion to dismiss as to the *quantum meruit* claim, even in places Defendant J&J failed to raise the arguments. (See Sept. 23, 2019 Order, at 15-18, 17 n.13.)

2. Clear Error or Manifest Injustice

Second, Defendant J&J fails to show clear error or manifest injustice. "This ordinarily requires a showing of 'clear and obvious error where the interests of justice demand correction.'" Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) (quoting Medley v. Westpoint Stevens, Inc., 162 F.R.D. 697, 698 (M.D. Ala. 1995)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'"

4

Id. (quoting United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003)).

Defendant J&J offers one Connecticut Superior Court opinion to establish the Court's clear error. (Mot. for Recons., at 6-7 (citing Kerite Co. v. City of Norwalk, 344 A.2d 364 (Conn. Super. Ct. 1975)).) Defendant J&J's position is that to the extent Georgia's Little Miller Act precludes an unjust enrichment claim, the federal Miller Act must as well. (Id. at 6.) The present motion correctly summarizes Kerite's holding but misses a key distinction. According to Kerite, including the portion of Kerite Defendant J&J quotes for the Court, the Miller Act and Connecticut Little Miller Act bar a *quantum meruit* claim against the government. "If an appropriate bond is furnished under the provisions of the Miller Act, subcontractors and materialmen have no claim based on *quantum meruit* against a governmental body in the absence of privity." (Mot. for Recons., at 6 (quoting Kerite, 344 A.2d at 366 (citing United States v. Munsey Tr. Co., 332 U.S. 234, 241 (1947))).)

> But the infirmity in respondent's case goes deeper. If the United States were obligated to pay laborers and materialmen unpaid by a contract, the surety who discharged that obligation could claim subrogation. But nothing is more clear than that laborers and materialmen do not have enforceable rights against the United States for their compensation. They cannot acquire a lien on public buildings, and as a substitute for that more customary protection, the various statutes were passed which require that a surety guarantee their payment. Of

5

these, the last and the one now in force is the Miller Act under which the bonds here were drawn.

Munsey Tr., 332 U.S. at 241 (internal citations omitted).

Moreover, even accepting Defendant J&J's interpretation of Kerite, competing nonbinding authority hardly renders a legal issue unarguable. See United States v. Algernon Blair, Inc., 479 F.2d 638, 640-41 (4th Cir. 1973) (citing S. Painting Co. of Tenn. v. United States ex rel. Silver, 222 F.2d 431, 433 (10th Cir. 1955)) ("The Tenth Circuit has also stated that the right to seek recovery under *quantum meruit* [against the prime contractor] in a Miller Act case is clear."); United States ex rel. Maris Equip. Co. v. Morganti, Inc., 163 F. Supp. 2d 174, 186 (E.D.N.Y. 2001) (citing United States ex rel. Leno v. Summit Constr. Co., 892 F.2d 788, 791 (9th Cir. 1989)) ("More recently, the Ninth Circuit has explicitly recognized that . . . *quantum meruit* claims are permitted under the Miller Act."); Datastaff Tech. Grp., Inc. v. Centex Constr. Co., 528 F. Supp. 2d 587, 599 (E.D. Va. 2007) ("[T]he undisputed material facts reflect that [the second-tier subcontractor] is not entitled to recover under the Miller Act, as it filed suit well after the one-year statute of limitations had run. . . . Yet, material facts are still in dispute regarding [the second-tier subcontractor]'s *quantum meruit* claim against [the primary contractor]."); State v. Ross Bros. & Co., 342 P.3d 1026, 1031 (Or. Ct. App. 2015) ("[A]t least in the circumstances

presented here, merely because [the subcontractor] recovered in *quantum meruit* for labor and materials that it provided to the project does not preclude [the subcontractor's] recovery against [the surety] on the bond claims" under the "Little Miller Act."). Based on the foregoing, the Court is reluctant to preclude an equitable remedy absent clear statutory or common law direction to the contrary. Defendant J&J's motion fails to demonstrate clear error or manifest injustice.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Having found no justification to grant Defendant J&J's motion for reconsideration, the Court advances to Defendant J&J's alternate motion for judgment on the pleadings.

**A. Legal Standard**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco

7

Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

**B. Discussion**

Defendant J&J offers no additional reasons to grant its motion for judgment on the pleadings and relies on the arguments made in support of its motion for reconsideration. (See Mot. for Recons., at 7.) The Court finds no substantive differences between the legal issues discussed in the Court's Order denying in part Defendant J&J's motion to dismiss (Sept. 23, 2019 Order, at 15-18, 21) and those addressed in the present motion. As a result, for the reasons set forth in the Court's September 23, 2019 Order and herein, Defendant J&J is not entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, Defendant J&J's motion for reconsideration or, in the alternative, for judgment on the pleadings (Doc. 42) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___17th___ day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA